```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLEN EDWARD YOUNG,            )
          Petitioner,          )
                               ) Civil Action No. 05-1332
     v.                        ) Chief Judge Donetta W. Ambrose
                               ) Magistrate Judge Amy Reynolds Hay
GERALD ROZUM,                  )
          Respondent.          )
```

REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

II. REPORT

Petitioner, Allen Edward Young, a state prisoner incarcerated at the State Correctional Institution at Somerset, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition should be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

A.   **Relevant Procedural History**

On May 18, 2000, following a jury trial in the Court of Common Pleas of Fayette County, Petitioner was adjudged guilty of three counts of violating Pennsylvania's Controlled Substance, Drug, Device, and Cosmetic Act for delivery and possession of Heroin and was sentenced to thirty to sixty months imprisonment. Petitioner filed a timely notice of appeal and on July 14, 2000,

the Honorable William J. Franks, President Judge, issued his Opinion denying Petitioner's points on appeal. (doc. no. 14-3, pp. 206-211).  On March 27, 2001, the Superior Court affirmed the judgment of the Court of Common Pleas of Fayette County.  (doc. no. 14-3, pp. 185-190).  Petitioner did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

Sometime in 2004, Petitioner filed a pro se Petition for Writ of Habeas Corpus, Order to Show Cause, and a Motion to Show Cause/Compel Clerk of Courts to Properly File Habeas Corpus in the Court of Common Pleas of Fayette County.  That court denied the petition on April 11, 2005 (doc. no. 14-3, pp. 191-193).

Petitioner did not file any petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542.

Petitioner's federal petition for writ of habeas corpus was executed on August 22, 2005.

**B.   Time Period for Filing Federal Habeas Corpus Petitions**

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions.  In this regard, the federal habeas corpus laws impose a one-year limitations period applicable to state prisoners, which provides as follows.

>    (d)   (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a

>   person in custody pursuant to the judgment of a
>   State Court.  The limitation period shall run from
>   the latest of--
>
>>   (A) the date on which the judgment
>>   became final by the conclusion of direct
>>   review or the expiration of the time for
>>   seeking such review;
>>
>>   (B) the date on which the impediment to
>>   filing an application created by State
>>   action in violation of the Constitution
>>   or laws of the United States is removed,
>>   if the applicant was prevented from
>>   filing by such State action;
>>
>>   (C) the date on which the constitutional
>>   right asserted was initially recognized
>>   by the Supreme Court, if the right has
>>   been newly recognized by the Supreme
>>   Court and made retroactively applicable
>>   to cases on collateral review; or
>>
>>   (D) the date on which the factual
>>   predicate of the claim or claims
>>   presented could have been discovered
>>   through the exercise of due diligence.
>
>   (2)   The time during which a properly filed
>   application for State post-conviction or
>   other collateral review with respect to the
>   pertinent judgment or claim is pending shall
>   not be counted toward any period of
>   limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The Court of Appeals for the Third Circuit has held that the statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), cert denied, 125 S.Ct.904 (Jan. 10, 2005). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal

court must undertake a three-part inquiry.  First, the court must determine the "trigger" date for the individual claims raised in the Petition.  Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under Section 2244(d)(1)(A).  Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2).  Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, the Superior Court affirmed Petitioner's conviction on March 27, 2001.  Consequently, direct review of Petitioner's conviction concluded, and the judgment became "final," on April 27, 2001.  See Pa. R. App. P. 1113(a) (thirty-day period for filing a petition for allowance of appeal to the Pennsylvania Supreme Court); Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (holding that, because the Petitioner did not file a direct appeal from his guilty plea, his conviction and sentence became "final" upon the expiration of the thirty-day time period during which he could have appealed).  Thus, Petitioner had one year from that date, i.e., until on or about April 27, 2002, to file a federal habeas corpus petition challenging his conviction.

In the case at bar, however, Petitioner did not file his federal Habeas Petition by April 27, 2002; instead, his federal habeas corpus petition was not filed in this Court until August 22, 2005, the date he signed his Petition.  Thus, this court must determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2).  In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Petitioner did not file any properly filed applications for state post-conviction or other collateral review during his one-year limitations period.  Therefore, there is no basis to statutorily toll his one-year limitations period.

Consequently, Petitioner's one-year limitations period ended on April 27, 2002.  Unfortunately for him, Petitioner did not file his federal habeas corpus petition until August 22, 2005, over three years after his limitations period had expired.  Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period.  In this regard, Petitioner's petition for habeas corpus and his attachments do

not indicate that Petitioner suffered any impediment to filing his federal petition.  28 U.S.C. § 2244(d)(1)(B).  Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review.  28 U.S.C. § 2244(d)(1)(C).  In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action.  The one-year limitation in Section 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient.

<u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted).  The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner.  Id. at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the statute of limitations in Section 2244(d) is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), cert. denied, 513 U.S. 1086 (2001).  In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner.  See, e.g., Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling).

The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, it is recommended that the Petition be dismissed as untimely.

    **C.**    **Certificate of Appealability**

Section 2253 of Title 28, United States Code, generally governs appeals from district court orders regarding habeas

petitions.  Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued.  A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2254(c)(2).

There is a difficulty with Section 2254(c)(2) when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right.  In <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period.  Accordingly, a certificate of appealability should be denied.

III. <u>CONCLUSION</u>

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                            Respectfully submitted,

                                            <u>/s/ Amy Reynolds Hay</u>
                                            United States Magistrate Judge

Dated:   15 November, 2006

cc:   The Honorable Donetta W. Ambrose
     Chief United States District Judge

     Allen Edward Young
     AJ-3401
     SCI Somerset
     1600 Walters Mill Road
     Somerset, PA 15510

     Nancy D. Vernon
     District Attorney of Fayette County
     61 East Main Street
     Fayette County Courthouse
     Uniontown, PA 15401